UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID ARMANDO MONSIVAIS, IV, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:24-cv-00939-JPH-MKK |
| | ) |
| MARK SEVIER, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING REQUEST TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

The petitioner seeks leave to proceed on appeal without prepayment of the appellate fees of $605.00. "An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Good faith" within the meaning of § 1915 is judged by an objective, not a subjective, standard. *See Thomas v. Zatecky*, 712 F.3d 1004, 1006 (7th Cir. 2013) (stating that bad faith is a phrase that is understood to mean objective frivolousness).

There is no objectively reasonable argument the petitioner could present to argue that the disposition of this case was erroneous. As explained in the Court's Order Denying Petition for a Writ of Habeas Corpus and Ruling on Petitioner's Pending Motions, Petitioner's claims are either procedurally defaulted or meritless. Dkt. 55. His ineffective assistance of counsel claim failed on the merits because the Indiana Court of Appeals reasonably determined—after addressing underlying questions of Indiana state law—that trial counsel was not ineffective for failing to object to late charging

amendment. *Id.* at 9-10. Further, he cannot excuse his procedural default by demonstrating actual innocence because he has presented no new evidence that would warrant reexamination. *Id.* at 15-17. In pursuing an appeal, therefore, the petitioner "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis*, dkt. [58], is **denied**.

The petitioner's motion for certificate of appealability, dkt. [59], is **denied** for the reasons set forth in the Court's March 19, 2025, Order. See Dkt. 55.

Petitioner's motions to compel, dkts. [50], [51], are **denied**. Mr. Monsivais has filed two motions to compel requesting nearly 1,000 pages of court documents. The Court cannot provide copy services to Mr. Monsivais, and requests that demand copies of such a voluminous nature are overburdensome on the limited resources of the Courts. If Mr. Monsivais believes that these extensive copies are required, he may renew his motion by explaining why they are necessary and should be provided. If he requires a copy of a more specific filings, he may file a new request by identifying the filing he needs and providing the reason he needs the copy.

**SO ORDERED.**

Date: 4/24/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID ARMANDO MONSIVAIS, IV
250273
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All electronically registered counsel